898 F.2d 147
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
SPINELLI, KEHIAYAN-BERKMAN, S.A., an Argentine Corporation,
Plaintiff-Appellee,
v.
IMAS-GRUNER, A.I.A. & ASSOCIATES, a Maryland Partnership;
Juan Gruner; Lelia E. Imas, also known as Lelia
Imas Gruner, Defendants-Appellants,
v.
Roberto SPINELLI; Jaime Berkman, Third Party Defendants.
 No. 88-3588.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 14, 1989.
Decided: Feb. 20, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph H. Young, District Judge. (CA 84-1116-Y)
 Juan Gruner, Lelia Imas Gruner, appellants pro se.
 Robert James Beagan, Flinn & Beagan, for appellee.
 D.Md.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 Before SPROUSE and WILKINS, Circuit Judges, and HARRISON L. WINTER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This dispute involving distribution of the proceeds of the Silver Springs Business Center (SSBC) is again before this Court. We previously affirmed the district court's award of $1,582,317 to Spinelli, Kehiayan-Berkman, S.A. (SKB) as its share of the sale proceeds. However, we remanded the case to the district court for a precise determination of the amount to be offset against the judgment. On remand, the district court determined that the judgment should be offset by $1,129,722 and entered a judgment in the amount of $452,595 in SKB's favor.
 
 
 2
 The parties agree that $1,129,722 represents a proper offset against the judgment, as SKB received this amount in distributions from the partnership, and this portion of the district court's judgment is affirmed. Imas-Gruner, A.I.A. (Imas-Gruner), and its principles, Juan and Lelia Imas Gruner, now argue that the district court failed to offset SKB's share of all SSBC expenses against the judgment. We find no merit to Imas-Gruner's claim in terms of SSBC expenses that were not outstanding at the time of sale, the disputed attorney fees, SKB's $279,500 cash contribution to the partnership, the $48,959 interest payment to SKB, and the $150,000 payment SKB received from Colspring Associates, and affirm the district court insofar as it held that these items should not be included as offsets against the judgment. However, we agree that the district court erred in failing to include as offsets SKB's share of SSBC architectural fees and related expenses outstanding when SSBC was sold, and must remand to the district court for proper consideration of these expenses.
 
 
 3
 George Christopher, SKB's expert, acknowledged on schedule C of his partnership accounting and in his testimony that architectural fees of $294,400 and related reimbursable expenses of $19,927.47 incurred by Imas-Gruner and consulting fees of $10,064 remained outstanding when SSBC was sold. It is also clear from his testimony that SKB expected to bear its share of these fees and expenses. Given these facts, SKB's 50% share of these fees and expenses should be included as offsets against its judgment.
 
 
 4
 There is no dispute over the amount of consulting fees and reimbursable expenses outstanding. However, Imas-Gruner argued at trial and again on remand that Christopher's calculation of the architectural fees was incorrect. Imas-Gruner had a contract with the partnership to provide architectural services for SSBC. The agreed upon fee was 5 1/2% of the total cost of the project, with a schedule of fees due upon completion of certain phases of the project. SSBC was only 80% complete at the time of sale. It was subsequently completed for a total cost of $7.2 million.
 
 
 5
 Christopher testified at trial that he did not rely on the actual project cost of $7.2 million to calculate architectural fees because this figure was based on construction costs two years beyond the time construction would have been completed, had Five Seasons Partnership gone forward with construction. Rather, he estimated the total cost of the project by using an earlier statement for architectural fees submitted by Imas-Gruner. By using the statement amount and the percentage of the project completed at the time the statement was prepared, Christopher arrived at a total project cost of $6,690,909 and outstanding architectural fees of $294,400. Imas-Gruner, on the other hand, contends that the actual total project cost should have been used to calculate architectural fees. Using that figure, it believes that the proper amount of outstanding fees is $316,800. This factual dispute should be resolved by the district court on remand, and 50% of the architectural fees found to be outstanding should be credited as an offset against the judgment, along with 50% of the outstanding consulting fees and reimbursable expenses.
 
 
 6
 Imas-Gruner also challenges the propriety of the district court's award of 12% interest on the judgment for the first time in this appeal. Because this issue was neither raised in Imas-Gruner's first appeal of the judgment nor presented to the district court on remand, we will not consider it here.
 
 
 7
 Accordingly, the district court's opinion is affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion. We dispense with oral argument because the legal contentions are adequately presented in the material before the Court and argument would not aid in the decisional process.
 
 
 8
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.